FILED
[OFFICE]

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>                Defendant. | CIVIL ACTION No.<br><br>**04-40240** |

## **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs assert the following claims against Defendant.

### **JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

RECEIPT # 104450
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. [signature]
DATE 11-18-04

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant uses an online service provider found in this District to access the Internet, which facilitated Defendant's infringing activities.

## PARTIES

4. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York.

8. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

9. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

11. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

12. The true name and capacity of the Defendant is unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her online service provider on the date and time at which the infringing

activity of Defendant was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

13. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

14. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on Exhibit A.

15. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

16. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the

4

Copyrighted Recordings. Exhibit A identifies a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for Defendant on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

17. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

18. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

19. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.  For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.  For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.  For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

                                            ARISTA RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; WARNER BROS. RECORDS INC.; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; CAPITOL RECORDS, INC.; BMG MUSIC; and ATLANTIC RECORDING CORP.

By their attorneys,

DATED: 11/18/04    By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:    (310) 312-3100

7

**Exhibit A**

# Doe #1 (192.80.61.183 2004-09-19 19:44:02 (EDT))

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Virgin Records America, Inc. | A Perfect Circle | Magdalena | Mer De Noms | 281-642 |
| BMG Music | Vertical Horizon | Best I Ever Had (Grey Sky Morning) | Everything You Want | 277-868 |
| Warner Bros. Records Inc. | Fleetwood Mac | Second Hand News | Rumours | N39857 |
| Capitol Records, Inc. | Norah Jones | Painter Song | Come Away With Me | 320-120 |
| Sony BMG Music Entertainment | Incubus | Nice to Know You | Morning View | 306-181 |
| Arista Records LLC | Dido | Don't Think Of Me | No Angel | 289-904 |
| Elektra Entertainment Group Inc. | Third Eye Blind | How's It Going to Be | Third Eye Blind | 188-673 |
| Atlantic Recording Corporation | Jewel | Hands | Spirit | 261-953 |

04-40240

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ARISTA RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP INC.; WARNER BROS. RECORDS INC.; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; CAPITOL RECORDS, INC.; BMG MUSIC; and ATLANTIC RECORDING CORP.

**DEFENDANTS**
JOHN DOE

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(b) County of Residence of First Listed Plaintiff
**NEW YORK, NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
COLIN J. ZICK (BBO No. 556538)
GABRIEL M. HELMER (BBO No. 652640)       Phone: (617) 832-1000
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*17 U.S.C. § 501 et seq. – copyright infringement*

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Statutory damages; injunction
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE F. Dennis Saylor   DOCKET NUMBER Lead Case No. 04-40165-FDS

DATE 11/18/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**04-40240**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   <u>ARISTA RECORDS LLC v. JOHN DOE</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ____ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ____ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   <u>Warner Bros. Records Inc. et al. v. Kristy Duteau, Lead Case No. 04-40165-FDS</u>

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐    NO ☒

7. DO <u>ALL</u> OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO <u>ALL</u> OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐    CENTRAL DIVISION ☒    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>COLIN J. ZICK (BBO No. 556538), GABRIEL M. HELMER (BBO No. 652640)</u>
ADDRESS <u>FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, MA 02210-2600</u>
TELEPHONE NO. <u>(617) 832-1000/fax (617) 832-7000</u>

(Cover Sheet local.wpd-11/27/00)